**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ANDREW DEMMA, FELIX RAMOS, | ) | |
| RUBEN GUTIERREZ, and ERNESTO | ) | |
| DUARTE, individually and on behalf of | ) | |
| other employees similarly situated, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | 14-cv-08911 |
| CHICAGO 24 HOUR TOWING, INC. AND | ) | |
| OREN CHEN, individually, Defendants. | ) | Hon. John J. Tharp, Jr. |

**DEFENDANTS' MEMORANDUM
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Defendants Chicago 24 Hour Towing, Inc. ("Towing") and Oren Chen ("Chen"), referred to collectively referred to as "Defendants", have moved pursuant to Fed. R. Civ. P. 56 for summary judgment on the issue of whether they are exempt from the Federal Labor Standards Act, 29 U.S.C. §201 *et. seq.* ("FLSA"), pursuant to the Motor Carrier Act Exemption ("MCA Exemption") to the FLSA, 29 U.S.C. §213(b)(1). Plaintiffs are all former tow truck drivers who worked for Towing and who have alleged that they were not paid at a rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) hours in individual weeks. The record in this case clearly demonstrates that Towing was exempt from the FLSA, as its tow truck drivers routinely traveled in interstate commerce in the course of their employment, thus exempting them from overtime pay. Thus, Plaintiffs' Third Amended Complaint should be dismissed with prejudice and summary judgment be entered on behalf of Defendants.

**BACKGROUND**

The Plaintiffs' Complaint was filed in November, 2014, raising overtime claims under

the FLSA and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1 *et seq.* (56.1 Statement at ¶¶ 6-7). Currently, the operative Complaint is the Third Amended Complaint ("Complaint"). (56.1 Statement at ¶7). Count I of the Complaint states a claim for overtime wages under the FLSA. Count II of the Complaint states a claim under the IMWL. Defendants have answered the Complaint raising the Affirmative Defenses that they are exempt from both the FLSA and the IMWL pursuant to the MCA Exemption. (56.1 Statement at ¶8).

Plaintiffs seek to have this action certified as a collective action pursuant to the FLSA. However, they have not yet moved to certify this proceeding as a collective action. Instead, the parties conducted limited discovery solely on the MCA Exemption Affirmative Defenses raised by the Defendants' Answer. The Plaintiffs seek, *inter alia,* allegedly unpaid wages going back to November 2011. (56.1 Statement at ¶6).

Plaintiffs were all employed as tow truck drivers by Towing. (56.1 Statement at ¶5). Defendants do not contest that the Plaintiffs were not paid compensation for work that they performed for over forty (40) hours a week at a rate one and a half times their normal hourly wage. Instead, Defendants contend that throughout the time Plaintiffs were employed as tow truck drivers, Towing was exempt from the FLSA and the IMWL as it was engaged in acting as a motor carrier engaged in interstate commerce.

Towing is a Federal Motor Carrier Safety Administration ("FMCSA") certified company holding a U.S. Department of Transportation ("DOT") certification. (56.1 Statement at ¶16). The record in this case establishes that during the relevant time period, November 2011 through the present, Towing's workers consistently made tows out of the state of Illinois. (56.1 Statement at ¶¶ 9-15). In fact, the record establishes that not only did Towing's workers consistently perform

2

tows out of state, the named plaintiffs all made multiple trips out of state while performing their

job functions. (56.1 Statement at ¶9-12). In addition, at all times during the relevant time period,

the Plaintiffs performed work in a fleet of tow trucks which had a gross vehicle weight rating

("GVWR") exceeding 10,000 pounds. (56.1 Statement at ¶17).

## ARGUMENT

## A. SUMMARY JUDGMENT IS APPROPRIATE UNDER FED. R. CIV. P. 56

According to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is to be

granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."

Summary judgment is appropriate if there is no genuine issue as to any material fact and

the moving party is entitle to judgment as a matter of law. Fed. R. Civ. P. 56. The rule requires

that the disputed facts be material. Material facts are facts which are defined by substantive law

and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

A dispute over trivial facts which are not necessary in order to apply the substantive law does not

prevent the granting of a motion for summary judgment. *Id.* at 248. A dispute is genuine if a

reasonable jury could return judgment for the non-moving party. *Id.* This standard requires the

non-moving party to present more than a scintilla of evidence to defeat the motion. *Id.* at 251.

The Defendants have the burden of demonstrating that Towing is exempt from the FLSA.

*Johnson v. Hix Wrecker Service, Inc,* 651 F.3d 658, 661 (7th Cir. 2011).

**B.** **STANDARDS GOVERNING THE MCA EXEMPTION**

Section 213(b)(1) of the FLSA sets forth the Motor Carrier Act exemption and provides the following:

> (b) The provision of section 207 [the FLSA wage/hour provision of this title] shall not apply with respect to (1) any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of Section 31502 of Title 49.

In turn, 49 U.S.C. § 31502(b) gives authority to the Secretary of Transportation the ability to prescribe requirements for:

> (1) qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier; and
> (2) qualifications and maximum hours of service of employees of, and standards or equipment of a motor private carrier, when needed to promote safety of operation.

Thus, 213(b) "exempts from the overtime compensation provisions those employees who are subject to the jurisdiction of the Secretary of Transportation...under the Motor Carrier Act." *Jones v. Giles,* 741 F.2d 245, 249 (9th Cir. 1984).

For a motor carrier to fall within the Department of Transportation (DOT) jurisdiction, it must transport passengers or property in interstate commerce. 49 U.S.C. §31502(a)(1); 49 U.S.C § 13501. For an individual employee to fall within the purview of the DOT's authority, the employee must engage in activities that "affect the safety of operation" of the motor-carrier employee. *U.S. v. Am Trucking Ass'n, Inc.*, 310 U.S. 534, 553 (1940).

Like many motor carriers, Towing engages in both interstate and intrastate commerce. However, "a motor carrier employee cannot be subject to jurisdiction of both the Secretary of Labor and the Secretary of Transportation simultaneously." *Johnson,* 651 F.3d 658, 661 (7th Cir.

4

2011). Thus, either an employee is covered by the FLSA or they are not. The test for whether an employee is exempt is whether "the employee is 'subject, at any time to being assigned to interstate trips.'" *Id., quoting Goldberg v. Faber Indus. Inc.,* 291 F.2d 232, 235 (7th Cir. 1961).

*Johnson* is particularly relevant to the analysis as it involves the Seventh Circuit's application of the FLSA to the towing industry and, specifically, tow truck drivers. As *Johnson* noted, "A minor involvement in interstate commerce as a regular part of an employee's duties subjects that employee to the Secretary of Transportation's jurisdiction." *Id.* at 661. As part of this analysis, the Seventh Circuit pointed to a DOT notice of interpretation concerning the extent of the Secretary of Transportation's jurisdiction set forth at 46 Fed. Reg. 37,902. *Id.* Pursuant to the interpretation, the DOT has adopted a "four month rule" to determine whether the employee is within the DOT jurisdiction. Thus, evidence that the employee either took an "actual trip in interstate commerce" or proof that "carrier has engaged in interstate commerce and that the driver could reasonably have been expected to make one of the carrier's interstate runs," is proof of DOT jurisdiction *Johnson,* 651 F.3d at 661, *quoting,* 46 Fed.Reg. 37,902.

One additional issue the Court needs to consider is the weight of the trucks operated by Towing and driven by the employees. In 2008, Congress waived the FLSA exemption for motor carrier employees who, in whole or in part, drive vehicles weighing less than 10,000 pounds. *See, McMaster v. Eastern Armored Services, Inc.,* 780 F.3d 167, 169 (3rd Cir. 2015). In applying the 10,000 pound rule, weight is determined by the Gross Vehicle Weight Rating of the vehicle. *McCall v. Disabled American Veterans,* 723 F.3d 962, 966 (8th Cir. 2013).

## C. THE MCA EXEMPTION APPLIES IN THIS CASE

The facts of this case clearly demonstrate that Towing is entitled to invoke the MCA

5

exemption. Towing is a motor carrier subject to the DOT jurisdiction. (Rule 56.1 Statement at ¶16). Defendants acknowledge that they may not have been registered with the DOT for the entire time covered by the lawsuit. However, for determining whether the MCA Exemption applies, the relevant question is whether the DOT has jurisdiction over the carrier and not whether the DOT has exercised jurisdiction over the carrier. *Almy v. Kickert School Bus Line, Inc.,* 722 F.3d 1069, 1074 (7th Cir. 2013); *Collins v. Heritage Wine Cellars, Ltd.,* 589 F.3d 895, 897 (7th Cir. 2009).

Additionally, the affidavit filed in support of this motion clearly support the fact that for every four month period during the relevant time frame, tow truck drivers made interstate tows. (Rule 56.1 Statement, Ex 2, Chen Affidavit at ¶5). In addition, each Plaintiff personally made numerous trips out of state during their employment with Towing. (Rule 56.1 Statement at ¶¶ 9-12). Further, the Chen affidavit establishes that trips were assigned randomly to the drivers during their employment and that the Plaintiffs could have been assigned to an out of state tow at any time during their employment. (Rule 56.1 Statement at ¶15). Finally, the affidavit firmly establishes that each tow truck owned during the relevant time period was in excess of 10,000 pounds in GVWR. (Rule 56.1 Statement at ¶17).

Thus, all of the factors discussed by the Seventh Circuit in *Johnson* have been demonstrated by the Defendants. In conclusion, there are no material issues of disputed fact to resolve at trial. The Defendants have established their burden of demonstrating that they are not bound by the FLSA pursuant to the MCA exemption.

**D.    THE DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE IMWL.**

Count II of the Third Amended Complaint states a claim under the IMWL.  The IMWL exempts from the definition of "employee" under the IMWL all persons employed by "a motor carrier and with respect to whom the U.S. Secretary of Transportation has the power to establish the qualifications and maximum hours of service under the provisions of Title 49 U.S.C...."  820 ILCS 105/3(d)(7).  If a defendant motor carrier is entitled to summary judgment pursuant to the MCA exemption, this Court has jurisdiction to grant summary judgment on the Plaintiffs' IMWL claims.  *Almy,* 722 F.3d at 1074.

## CONCLUSION

For the reasons stated above, the Defendants respectfully request that they be granted summary judgment pursuant Fed. R. Civ. P. 56 on Plaintiffs' Third Amended Complaint and that the Complaint be dismissed with prejudice.

By:  s/John H. Wickert_____
One of the Defendants'
Attorneys

Sheldon M. Lustig ARDC #3122692
John H. Wickert (Of Counsel) ARDC # 6188313
Lustig & Associates
3400 Dundee Road, Suite 235
Northbrook, IL 60062
(847)-509-9090
slustig@lustiglaw.com
jwickert@lustiglaw.com